## ROSSIN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM D. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO. 17-309** |
| | ) |
| **JOLLY SHIPPING, INC.-MAI, and** | ) |
| **YASA SHIPPING INDUSTRY,** | ) |
| | ) |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendants Jolly Shipping, Inc. (incorrectly identified in the Complaint as "Jolly Shipping, Inc.-MAI") and Ya/Sa Tanker Management S.A. (incorrectly identified in the Complaint as "Ya Sa Shipping Industry"), pursuant to 28 U.S.C. § 1441, as amended, hereby give notice of the removal of this action to the United States District Court for the Southern District of Alabama, Southern Division. In addition to removing this matter, Defendants specifically reserve the right to assert any defenses available under Rule 12(b) of the Federal Rules of Civil Procedure. As grounds for this removal, Defendants state as follows:

### PROCEDURAL BACKGROUND

1.  On or about July 28, 2016, Plaintiff William D. Ford ("Plaintiff") filed a complaint against Defendants in the Circuit Court of Mobile County, Alabama,

now pending as Civil Action Number 02-CV-2016-901553.00.  The Circuit Court of Mobile County is a state court within this judicial district and division.

2. In his Complaint, Plaintiff alleges that he was injured during the course of his employment with the U.S. Customs and Border Protection Agency, while aboard the M/T YASA GOLDEN MARMARA.  (Compl., ¶¶ 6-7).  Plaintiff asserts that Defendants were negligent and that the vessel was unseaworthy inasmuch as Defendants are claimed to have failed "to furnish Plaintiff with a safe and seaworthy place within which to perform his work, and failed to provide adequate equipment and assistance to safely perform his assigned work…."  (Id., at ¶ 8).[1]

3. There was delay with respect to serving the foreign Defendants.[2] Eventually, counsel for Defendants accepted service by correspondence dated December 16, 2016.  An answer to the Plaintiff's complaint was filed in the Circuit Court of Mobile County on or about May 5, 2017.

---

[1] Plaintiff alleges he was walking across the main deck of the vessel and slipped while crossing an elevated walkway (used to cross over pipes on the tanker's deck).  Plaintiff seeks damages for physical injuries, mental anguish, medical expenses and wage loss. (Compl., at ¶ 9).  No monetary demand was stated in Mr. Ford's Complaint.

[2] Attached hereto as "Exhibit A" is a Declaration from Mr. Cuneyt Cem Yucer, General Manager of Ya/Sa Tanker Management S.A.  Mr. Yucer confirms: (1) Jolly Shipping, Inc. is a privately held company formed under the laws of the Marshall Islands, with its principal place of business in the Marshall Islands; and (2) Ya/Sa Tanker Management S.A. is a corporation formed under the laws of Turkey, with its principal place of business in Istanbul, Turkey.

4. True and correct copies of all "process, pleadings, and orders" filed to date are submitted simultaneously herewith. There are no other process, pleadings, or orders served upon Defendants to date in this case.

## GROUNDS FOR REMOVAL

5. This action is properly removable pursuant to 28 U.S.C. § 1441(a) and (b), because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> ****
> (2) Citizens of a State and citizens or subjects of a foreign State….

A. <u>Citizenship of the Parties</u>

6. There is a complete diversity of citizenship between the Plaintiff and Defendants.

7. Although not stated in his Complaint, records produced by Plaintiff's counsel indicate that Mr. Ford is a citizen of Alabama and lives in Citronelle, Alabama.

8. Defendants are corporations, or business entities in the nature of corporations organized and existing under the laws of the Marshall Islands (Jolly Shipping, Inc.), and Turkey (Ya/Sa Tanker Management S.A.).   Likewise, their

principal places of business are located outside of the United States; Jolly Shipping, Inc. has its principal place of business in the Marshall Islands, and Ya/Sa Tanker Management S.A. has its principal place of business in Istanbul, Turkey. *See* Declaration of Mr. Cuneyt Cem Yucer, attached hereto as "Exhibit A." Accordingly, complete diversity of the parties exists for the purposes of 28 U.S.C. § 1332 (a)(2).

    B.    Amount in Controversy

9. The amount in controversy in the present action exceeds the $75,000 jurisdictional amount exclusive of interest and costs.  Mr. Ford's state court lawsuit did not specify an amount of damages.

10. When evaluating whether or not a case is removable to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, the requisite amount in controversy turns on which particular provision of 28 U.S.C. § 1446 applies.  *See Lowery v Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *Charleston v. Horsley*, 2012 WL 3726760 (S.D. Ala. 8/8/2012).

11. Under 28 U.S.C. § 1446 (b)(1), if a complaint is sufficient on its face to support diversity jurisdiction, the suit can be removed within thirty (30) days after the defendant receives the initial pleading.  However, in cases falling under 28 U.S.C. § 1446 (b)(3) – referred to as "Second Paragraph" cases in the controlling jurisprudence – there is no demand for damages in the initial complaint.

As such, the case is not removable until the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1146 (b)(3).

12. Where the complaint does not specify the amount of damages sought, "The removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208.

13. Here, the removing parties did not have sufficient information to satisfy a preponderance of the evidence standard until – at the earliest – receipt of correspondence from Plaintiff's counsel dated June 7, 2017 (referencing approximately $60,000.00 in worker's compensation liens arising from Plaintiff's claimed injuries).[3] Certainty was provided once the Plaintiff answered Requests for Admission on the jurisdictional amount in controversy. See Plaintiff's Responses to Requests for Admission dated June 22, 2017 (attached hereto as "Exhibit C"). Using the earlier of these two dates (June 7, 2017), the instant removal is proper under 28 U.S.C. § 1446 (b)(3), as it was made within thirty (30) days after receipt by Defendants of "other paper" from which the amount in controversy could be confirmed by a preponderance of the evidence.

---

[3] The June 7, 2017 correspondence is attached hereto as "Exhibit B."

14. Defendants feel compelled to address commentary on this issue contained in the Plaintiff's "Objection and General Response," set out in his responses to Defendant's discovery requests. (Exhibit C). Specifically, Plaintiff suggests that Defendants knew that the amount in controversy for Mr. Ford's claim would exceed the jurisdictional threshold by looking at either the (i) Complaint, or (ii) correspondence dated February 9, 2017 from Mr. Ross Diamond to the undersigned counsel for Defendants.[4]   Of course, the State Court Complaint contained no monetary demand.  The referenced correspondence was submitted along with medical records providing a general description of Mr. Ford's care and treatment.  However, the only bill which accompanied this correspondence was from Baldwin Bone & Joint.  This listed original charges of $12,340.00, which were reduced to an actual payment of $4,511.13 following reductions applied by the worker's compensation carrier.

15. Defendants show the Court that later correspondence, received on June 7, 2017, was the first time Plaintiff indicated his damages would either meet or exceed the $75,000.00 threshold. Reference was made therein to the total liens claimed by third parties, including a lien for compensation/indemnity payments ($29,303.00), and lien for medical payments of approximately $30,000.00 (total

---

[4] A copy of the February 9, 2017 correspondence, with attachments, is submitted herewith as "Exhibit D."

liens of approximately $60,000.00). Again, these amounts were confirmed once Plaintiff responded to Defendant's Requests for Admission, attached hereto as Exhibit C.[5]

16. The February 9, 2017 letter from Plaintiff's counsel (Exhibit D) failed to provide information that would pass muster under the "preponderance of the evidence standard." Cases discussing the relevant burden from the Eleventh Circuit and the District Courts make this clear. *See, e.g., Lowery,* 483 F.3d at 1211 (In the absence of information to make informed assessment of amount in controversy, court noted that "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon."); *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F.Supp.2d 1245, 1250 (S.D. Ala. 2010) ("*Lowery* effectively requires that a second-paragraph removal be based on a document that cannot reasonably be construed other than as reflecting that more than $75,000.00 is in controversy.")

17. The Middle District of Alabama provided a salient analysis of the issue in its decision *Siniard v. Ford Motor Co.*, 554 F.Supp.2d 1276 (M.D. Ala. 2008). In that case, the District Court followed the Eleventh Circuit's lead in

---

[5] Plaintiff unequivocally admits that "the amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs." Plaintiff's Response to Request for Admission No. 1. (Exhibit C).

*Lowery* by reiterating that documents establishing an amount in controversy must be received from the Plaintiff; defendants (and the Court) are not required to undertake an independent assessment of potential damages:

> The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." [*Lowery*, 483 F.3d] at 1215…. "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff." *Id.*, at 1215.

*Siniard,* 554 F.Supp.2d at 1278 (quoting *Lowery*, 483 F.3d at 1215).

18. Likewise, *Lowery* rejected attempts by a litigant to analogize similarly situated cases and/or verdicts as a basis for establishing the jurisdictional amount in question: "Indeed, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts and other supposedly similar cases." *Siniard,* 554 F.Supp.2d at 1278 (citing *Lowery*, 483 F.3d at 1189, 1220-21).

19. Operating within the confines of Rule 11, *Fed.R.Civ.P.*, and the controlling jurisprudence on the issue, Defendants did not have sufficient information from Plaintiff on his claimed damages until June 7, 2017, when correspondence from Plaintiff's counsel (Exhibit B) indicated there were liens of approximately $60,000.00 associated with Mr. Ford's injuries. This removal is filed within the thirty (30) day timeframe under 28 U.S.C. § 1446 (b)(3). The

Court is properly vested with diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.

## JURISDICTIONAL REQUIREMENTS

20. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

21. Defendants have heretofore sought no similar relief.

22. Defendants reserve the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

23. Defendants hereby notify the Court that they have provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendants are also filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Mobile County, Alabama as provided by law.

24. To the extent that remand is sought, or that diversity jurisdiction is otherwise visited by this Court, Defendants respectfully request an opportunity to take appropriate discovery, to further brief, and to submit oral argument in support of this Notice of Removal.

**WHEREFORE,** Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the

Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Southern Division.

Respectfully submitted this the 5th day of July, 2017.

>*s/John P. Kavanagh, Jr.*
>JOHN P. KAVANAGH, JR. (KAVAJ1011)
>jkavanagh@burr.com
>KASEE S. HEISTERHAGEN (SPARK7253)
>ksparks@burr.com
>Attorneys for Defendants
>Jolly Shipping, Inc. and
>Ya/Sa Tanker Management S.A.

OF COUNSEL:
BURR & FORMAN LLP
Post Office Box 2287
Mobile, Alabama 36652
Telephone: (251) 344-5151
Facsimile:  (251) 344-9696

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 5th day of July, 2017:

Ross Diamond III
Richard w. Fuquay
Diamond Fuquay LLC
Post Office Drawer 40600
Mobile, Alabama  36640-0600
ross@diamondfuquay.com
richard@diamondfuquay.com

>*s/ John P. Kavanagh, Jr.*
>  OF COUNSEL

29839688 v1