IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. FORD, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 17-00309-KD-N |
| ) | |
| JOLLY SHIPPING, INC., ) | |
| *et al.*, ) | |
|    Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff William Ford's ("Plaintiff") Motion to Remand and Memorandum in Support. (Docs. 7-8). This motion has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(b). In reaching its decision, the Court considers the Notice of Removal (Doc. 1); the Motion to Remand and Memorandum in Support (Docs. 7-8); the Response in Opposition (Doc. 11) filed by Defendants Jolly Shipping, Inc. and Yasa Shipping Industry (collectively, "Defendants"); Plaintiff's Response to Defendants' Opposition (Doc. 14); and related exhibits. Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED**.

### I. Background

On July 28, 2016, Plaintiff William Ford, a citizen of Alabama, filed his Complaint in the Circuit Court of Mobile County, Alabama against Defendants Jolly Shipping, Inc. and Ya/Sa Tanker Management S.A., who are corporations or business entities organized and existing under the laws of the Marshall Islands and

1

Turkey, respectively. (Doc. 1 at 3).[1] The Complaint alleges that Plaintiff was injured in the course of his employment with the United States Customs and Border Protection Agency while aboard the M/T YASA GOLDEN MARMARA. (Doc. 2-1 at 2). Plaintiff claims that Defendants were negligent and that the vessel was unseaworthy. (*Id*. at 11). The damages sought included compensatory damages for alleged physical injuries, pain, mental anguish, medical expenses, future medical expenses, loss of earnings, and loss of earning capacity. (Doc. 2-1 at 11-12).

On July 5, 2017, pursuant 28 U.S.C. § 1332, both Defendants joined in removal on the basis of complete diversity of citizenship between the parties, claiming that the amount in controversy exceeding $75,000. (Doc. 1).[2] The Notice of Removal stated that Defendants

> "…did not have sufficient to information to satisfy a preponderance of the evidence standard until – at the earliest – receipt of correspondence from Plaintiff's counsel dated June 7, 2017 (referencing approximately $60,000.00 in worker's compensation liens arising from Plaintiff's claimed injuries). [Doc. 1-2] Certainty was provided once the Plaintiff answered Requests for Admission on the jurisdictional amount in controversy. See Plaintiff's Responses to Requests for Admission dated June 22, 2017 (attached hereto as "Exhibit C"). Using the earlier of these two dates (June 7, 2017), the instant removal is proper under 28 U.S.C. § 1446 (b)(3), as it was made within thirty (30) days after receipt by Defendants of "other paper" from which the

---

[1] Jolly Shipping, Inc.'s principal place of business is in the Marshall Islands, and Ya/Sa Tanker Management S.A.'s principal place of business is in Istanbul, Turkey. (Doc. 1 at 2, n.2 and accompanying exhibits).

[2] Title 28 U.S.C. § 1446(c)(1) states:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Plaintiff first filed this action in state court on July 28, 2016. Defendants' notice of removal was filed July 5, 2017, which is within a year of the commencement the action.

amount in controversy could be confirmed by a preponderance of the evidence.

(Doc. 1 at 5). On August 4, 2017, Plaintiff filed a motion to remand, arguing that removal was untimely as Defendants had the ability to remove this case at two earlier points in time, but failed to do so. (Docs. 7-8).

## II. Analysis

### A. Jurisdiction Generally

There can be no doubt but that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). *See also Allen v. Christenberry,* 327 F.3d 1290, 1293 (11th Cir. 2003) ("removal statutes should be construed narrowly, with doubts resolved against removal[]"); *Univ. of South Ala.,* 168 F.3d at 411 (internal citation omitted) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly....Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court[]"); *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (internal citations omitted) ("[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree[]"). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 at n. 4 (11th Cir. 1998). *See also McCormick v. Aderholt,* 293 F.3d 1254,

1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction[]"). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is...presumed that a cause lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen,* 511 U.S. at 377 (internal citations omitted).

### B. Complete Diversity and Amount in Controversy

Defendants' removal is premised on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The removing parties bear the burden of establishing complete diversity of citizenship, that is, that the plaintiff is diverse from all the defendants. *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). The parties do not contest the their diversity of citizenship, and the record before the Court indicates that complete diversity is present. Nor do the parties contest that at the time of removal, the amount in controversy exceeded $75,000. Rather, the parties' only dispute centers on whether Defendants' removal was timely pursuant to 28 U.S.C. § 1446(b)(3). The untimeliness of a removal is a procedural rather than a jurisdictional defect. *In re Uniroyal Goodrich Tire Co.,* 104 F.3d 322, 324 (11th Cir.1997); accord *Moore v. N. Am. Sports, Inc.,* 623 F.3d 1325, 1329 (11th Cir.2010).

### C. Timeliness of Removal

Congress, through § 1446(b), has established a "bifurcated removal approach," under which a state court defendant may remove a case to federal court at two procedurally distinct moments in time**.** *Lee v. Lilly Trucking of Va., Inc.,*

4

2012 WL 960989, at \*1 (M.D.Ala. Mar. 21, 2012).

> First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal. Such a removal must be accomplished "within 30 days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action is based...." § 1446(b)(1). However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...." § 1446(b)(3)[.]

*Id.* (internal citations omitted).

"The first way (formerly referred to as 'first paragraph removals') involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. *See* 28 U.S.C. § 1446(b)(1). The second way (formerly referred to as 'second paragraph removals') contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.' 28 U.S.C. § 1446(b)(3)." *Jones v. Novartis Pharm. Co.,* 952 F. Supp. 2d 1277, 1281-82 (N.D. Ala. 2013)(footnote omitted). "The now-defunct distinction between 'first paragraph' and 'second paragraph' removals is rendered obsolete by a clearer version of the removal statute, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, December 7, 2011, 125 Stat. 758, which added subsections to 28 U.S.C. § 1446(b). The substance of the removal procedure is not affected by the stylistic changes to the statute; therefore, the previous case law discussing 'first

5

paragraph' and 'second paragraph' removals is still applicable despite its outdated terminology." *Id.* at 1281 n. 3.

Plaintiff states two alternative grounds for his argument that Defendants' removal was untimely. First, as the parties were diverse, Plaintiff argues that "the facts set forth in the Complaint as to the extent of the Plaintiff's injury and damages made it readily apparent" that the amount in controversy exceeded $75,000 and that "[u]nder any reasonable reading" of the Complaint, Defendants could have removed this case as early as 30 days from the date of their appearance in this case. (Doc. 8 at 1-2).

Alternatively, Plaintiff contends that his counsel's February 9, 2017 letter and accompanying medical records, supplied to defense counsel "provided ample information from which the Defendants should have ascertained by that date this this case was removable." (Doc. 8 at 7). Thus, the deadline by which Defendants should have removed this case was on or before March 11, 2017, and has long since expired. In order to determine whether Defendants' July 5, 2017 removal was timely (Doc. 1), the Court must examine the two above referenced points in time in which, according to Plaintiff, this case became removable.

1. **Plaintiff's First Paragraph Removal Argument**

Plaintiff's first argument is that Defendants could have and should have attempted to remove this case on the basis of the contents of the initial pleading. Such a removal would have been pursuant to 28 U.S.C. § 1446(b)(1), *i.e.* a "first paragraph removal." The Complaint stated:

> By reason of the foregoing, the Plaintiff was caused to sustain severe, painful and permanent injuries to his body; the Plaintiff sustained multiple contusions to his body; the Plaintiff sustained a severe tear of the rotator cuff in his right shoulder, which included a complete full thickness rupture of the ligaments, requiring surgery and other medical treatment; the Plaintiff's injuries are permanent; the Plaintiff has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Plaintiff has lost much time from his work as a result of said injuries, resulting in his suffering a loss of earnings thereby, and as a result of said injuries, his wage earning capacity has been diminished; Plaintiff has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the same in the future; for which the plaintiff seeks and is entitled to the recovery of damages herein.

(Doc. 2-1 at 11-12; Complaint at ¶ 9). No specified amount of damages was included.

Defendants erroneously argue that "[c]ases like these – where the original pleading does not contain a dollar amount for damages being sought –fall under 28 U.S.C. § 1446(b)(3)…." (Doc. 11 at 3). In *Roe v. Michelin North America, Inc.*, the Court of Appeals for the Eleventh Circuit summarized its precedent with regard to first paragraph cases in which the plaintiff does not make a specific damages demand as follows:

> If a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the ... jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir.2010). In other cases, however, it may be "facially apparent" from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when "the complaint does not claim a specific amount of damages." *See id.* at 754 (quoting *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001)).

7

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
>
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount." *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams,* 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits.

613 F.3d 1058, 1061–62 (11th Cir. 2010)(footnotes omitted).

This case is in an odd posture as Plaintiff, rather than Defendants, argues that this case was removable on the basis of the contents of the initial pleading. In order to evaluate this argument, the Court must consider whether, if Defendants had attempted to remove this case pursuant to §1446(b)(1), they would have been able to prove, by a preponderance of the evidence, that the amount in controversy exceeded $75,000.

The Court finds its decision in *Collinsworth v. Big Dog Treestand, Inc.*

instructive. 2016 WL 3620775, at *3 (S.D. Ala. June 29, 2016). There, the attempted removal was a "first paragraph" removal where the parties disputed the amount in controversy and the initial pleading did not specify the amount of damages. The Court remanded the matter to state court explaining,

> In *Robinson v. Clayton*, 2012 WL 6028940, *2 (S.D. Ala. Dec. 3, 2012), this Court specifically determined that "merely listing categories of damage[,]" which is exactly what Defendant purports to do in this case, does not satisfy the removing defendant's burden of establishing that the amount in controversy exceeds the $75,000 threshold. In reaching this conclusion, this Court favorably cited the conclusion in *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1318 & 1320 (11th Cir. 2001) ("allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000[]"), while parenthetically noting that "*Williams* is a governing application" of the governing principles set forth in *Roe* and *Pretka* and that *Williams* "was not overruled by *Pretka* or *Roe* (nor could it have been, given that *Pretka* and *Roe* were not en banc opinions)." *Robinson*, 2012 WL 6028940 at *2 at n. 1. Based upon *Williams* and *Robinson*, therefore, the Court concludes that the allegations here do not render it facially apparent that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *Cf. Lambeth v. Peterbilt Motors Co.,* 2012 WL 1712692, *3 (S.D. Ala. May 15, 2012) ("While the back injury is characterized as 'serious,' nothing in the Complaint elaborates on the nature or severity of that injury, or otherwise lends substance or meaning to it. We simply do not know -- or have any basis for inferring from the pleadings -- anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain…[the plaintiff's] work or life activities[]"); *Hill v. Toys "R" Us, Inc.*, 2010 WL 3834532, *1-3 (S.D. Ala. Sept. 24, 2010) (remanding case to state court for failure to prove the amount in controversy where the plaintiff alleged that she suffered back, neck, arm and head injuries; that she has experienced and continues to experience pain and suffering, emotional distress, and mental anguish; and that she has incurred ongoing

medical expenses).

*Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775, at *3 (S.D. Ala. June 29, 2016). Similarly, in this case, the Complaint alleges:

> …the Plaintiff was caused to sustain severe, painful and permanent injuries to his body; the Plaintiff sustained multiple contusions to his body; the Plaintiff sustained a severe tear of the rotator cuff in his right shoulder, which included a complete full thickness rupture of the ligaments, requiring surgery and other medical treatment; the Plaintiff's injuries are permanent; the Plaintiff has suffered and will continue to suffer in the future much physical pain and mental anguish as a result of his injuries; the Plaintiff has lost much time from his work as a result of said injuries, resulting in his suffering a loss of earnings thereby, and as a result of said injuries, his wage earning capacity has been diminished; Plaintiff has incurred medical expenses in the treatment of his injuries and will incur medical expenses in the treatment of the same in the future; for which the plaintiff seeks and is entitled to the recovery of damages herein.

(Doc. 2-1 at 11-12; Complaint at ¶ 9). This is the same type of general listing of damages this Court has rejected when cited as the lone support for establishing the jurisdictional threshold. Had Defendants attempted to remove this case based on the contents of the initial pleading, which "merely listed categories of damage," Defendants would not have satisfied their burden with regard to the amount in controversy. *Robinson v. Clayton*, 2012 WL 6028940, *2 (S.D. Ala. Dec. 3, 2012). As such, Plaintiff's argument that this case was removable pursuant to § 1446(b)(1) fails. *See also Bouler v. Adams*, 2017 WL 2937956, at *2 (S.D. Ala. June 23, 2017), *report and recommendation adopted,* 2017 WL 2930929 (S.D. Ala. July 10, 2017)(remanding case where Defendants failed to satisfy amount in controversy where complaint sought general damages, special damages, and punitive damages

in unspecified amounts).³

## 2. Plaintiff's Second Paragraph Removal Argument

As this case would not have been removable pursuant to § 1446(b)(1) based upon the contents of the initial filing, the Court turns to Plaintiff's alternative untimeliness argument, which is premised on § 1446(b)(3). Section 1446(b)(3) permits removal within 30 days after the defendant's receipt from the plaintiff of "other paper from which it may first be ascertained that the case is one which is or has become removable." The time limit of § 1446(b) "is mandatory and must be strictly applied." *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003).

On February 9, 2017, Plaintiff's counsel sent a letter and accompanying medical documents to defense counsel. The parties have summarized the contents of this communication as follows:

a. A doctor's note from a [magnetic resonance imaging] MRI dated February 9, 2015

b. An operative report from Thomas Hospital regarding rotator cuff repair dated March 10, 2015

c. A doctor's note dated February 4, 2015 diagnosing a rotator cuff injury.

d. Work status reports (various dates).

e. An impairment rating dated November 30, 2015

---

3 The Court acknowledges that additional evidence, other than the Complaint itself, may have been offered had Defendants attempted to remove this case pursuant to § 1446(b)(1). However, the Court will not speculate as to what this evidence may have been or shown, and relies only on the Complaint. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)(citing *Pretka,* 608 F.3d at 753–54) ("In § 1446(b) first-paragraph cases, the removing defendant may present additional evidence—business records and affidavits, for instance—to satisfy its jurisdictional burden.").

f. A functional capacity evaluation dated October 22, 2015

g. A Department of Labor Work Capacity Evaluation dated February 25, 2015

h. An invoice from Baldwin Bone and Joint dated August 14, 2015 stating an outstanding balance of $200.00. The remaining services were billed at $12,340.00 and reduced to an actual payment of $4,511.13 following reductions applied by the worker's compensation carrier.[4]

(Doc. 8 at 2-3, Doc. 9, Doc. 11 at 2, and Doc. 11-2). Plaintiff contends that his February 9, 2017 correspondence with defense counsel provided grounds for removal pursuant to § 1446(b)(3), *i.e.* a "second paragraph" removal, because this correspondence constituted "'other paper'" which made it clearly ascertainable that the case was removable within 30 days under the provisions of 28 U.S.C. § 1446(d)(3)." (Doc. 8 at 2).[5]

As the Court of Appeals for the Eleventh Circuit explained in *Lowery v. Alabama Power Co.*:

> Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) "an amended pleading, motion, order or other paper," which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can "first ascertain" that federal jurisdiction exists. § 1446(b). Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction. *See Bosky v. Kroger Texas, LP,* 288 F.3d 208, 211 (5th Cir.2002) (holding that grounds must be "unequivocally clear and certain"); *Huffman v. Saul*

---

[4] Plaintiff characterizes this invoice as "itemizing charges totaling $4,694.53 through August 30, 2015." (Doc. 8 at 3).

[5] Correspondence between parties can be "other paper" pursuant to § 1446(b)(3). See *Wilson v. Target Corp.,* 2010 WL 3632794, at *2 (S.D.Fla. Sept. 14, 2010) (citing *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1212 n. 62 (11th Cir.2007) (discussion of the judicial development of the term "other paper").

*Holdings, LP,* 194 F.3d 1072, 1078 (10th Cir.1999) (same).

483 F.3d 1184, 1215, n.63 (11th Cir. 2007). To the extent *Lowery* purported to apply that language to both first and second paragraph removals, rather than only second paragraph removals, the Eleventh Circuit clarified in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 762–63 (11th Cir. 2010), that such statements were *dicta* that did not have persuasive value. *Hudspeth v. Gov't Employees Ins. Co.,* 2016 WL 8221940, at *2 (M.D. Fla. Dec. 27, 2016), *report and recommendation adopted,* 2017 WL 495782 (M.D. Fla. Feb. 7, 2017). A second paragraph removal requires that the "documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery* at 1215, n.63. "In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents." *Id.* at 1213–14 (11th Cir. 2007)(footnotes omitted); *see also Advantage Med. Elecs., LLC v. Mid-Continent Cas. Co.*, 2014 WL 1764483, at *5 (S.D. Ala. May 5, 2014) (explaining that the "preponderance of the evidence burden applies to a court's substantive jurisdictional inquiry and ...*Lowery*'s unambiguously establish burden replaces [the preponderance-of-the-evidence] burden when a plaintiff challenges the procedural propriety of a removal under [§ 1446(b)(3)] by ... timely moving to remand under § 1447(c)") (citation, internal quotation marks, and emphasis omitted).

Upon review of the February 9, 2017 documents, the Court finds that they did not contain an unambiguous statement or statements that clearly established

federal jurisdiction. Though the February 9, 2017 documents contained medical records showing a number of serious diagnoses and injuries, the only dollar amounts cited were well under the jurisdiction threshold. "It would be pure speculation and unabashed guesswork on a scale prohibited by *Lowery* for this Court to find that" Plaintiff's injuries and damages would have "take[n] the quantifiable expenses over the $75,000 threshold." *Wilson v. Chester Bross Const. Co.,* 2011 WL 1380052, at *14 (S.D. Ala. Apr. 12, 2011). "In other words, unless [a plaintiff] unambiguously disclose[s] the amount of damages [he is] seeking, removal under the second paragraph of section 1446(b) is not possible. *Id.* at *15. Thus, an attempt to remove this case pursuant to § 1446(b)(3) on the basis of the February 9, 2017 communications would have been unsuccessful.

The Court also acknowledges the possibility that, had the Defendants removed this matter based on the February 9, 2017 "other paper," it may have reached a conclusion that the documents provided little more information to Defendants beyond what was already known to them based on the contents of the initial pleading. For example,

> Other district courts in this circuit have rejected similar attempts to remove a case based upon the "other paper" provision of § 1446(b)(3) when that other paper did not provide the defendants with information from which they could first ascertain that federal subject-matter jurisdiction exists. For example, in *Holloway v. Morrow*, the district court rejected an "other paper" removal based upon discovery responses when those responses contained "no new, different or additional information" that "was not already plain to see from the Complaint itself."
>
> *Holloway*, 2008 WL 401305, at *3. A similar conclusion was reached in *Advantage Medical Electronics, LLC v. Mid-Continent Casualty*

14

> *Company*, with the court finding, among other things, that removal under § 1446(b) was untimely because plaintiff's answers to requests for admission did not provide the defendant with any new information concerning the amount in controversy. *Advantage Med. Elecs., LLC*, 2014 WL 1764483, at *6–8.
>
> The same issue is present here. The "other paper" that forms the basis of Defendants' § 1446(b)(3) removal—Plaintiffs' recent answers to certain requests for admission—does not provide Defendants with information about the amount in controversy from which they first ascertained that federal subject-matter jurisdiction exists. These answers only confirmed what Defendants already knew, or at least should have known, since the filing of the complaint or, at the latest, since Plaintiffs' April 2016 depositions. Thus, § 1446(b)(3) and its additional 30-day removal period do not apply, and Defendants' third notice of removal was therefore untimely and improperly filed.

*Simpson v. Primerica Life Ins. Co.,* 2017 WL 2857699, at *7 (M.D. Ala. May 22, 2017), *report and recommendation adopted,* 2017 WL 2838078 (M.D. Ala. June 30, 2017).

## C. Defendants' July 5, 2017 Removal

Finally, the Court turns to whether Defendant's removal complies with § 1446(b)(3). On June 7, 2017, Defendants received correspondence from Plaintiff's counsel referencing a $60,000 workers' compensation lien. Then, on June 22, 2017, Defendants received Plaintiff's responses to Defendants' requests for admission in which Plaintiff admitted "the amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs." (Doc. 1-3 at 5).

Defendants' notice of removal and accompanying exhibits established the existence of complete diversity, and that the amount in controversy exceeded $75,000, such that jurisdiction pursuant to § 1332(a) was present. Thus, Defendants have met their burden in that regard. Even if the June 7, 2017 correspondence did

15

not unambiguously and clearly establish federal jurisdiction, without question, the receipt of the June 22, 2017 responses to request for admission did so. Thus, whether calculated from the June 7 or June 22, 2017 date, Defendants' July 5, 2017 removal was timely. As Plaintiff's only argument is that Defendants' July 5, 2017 removal is untimely, the Court **RECOMMENDS** that the motion to remand (Doc. 7) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **19th** day of **September 2017**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
