# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. FORD, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 17-00309-KD-N |
| ) | |
| JOLLY SHIPPING, INC., *et al.*, ) | |
|     Defendants. ) | |

## ORDER

This matter is before the Court on Defendants' motion for partial summary judgment (Doc. 46), Plaintiff's response (Doc. 53) and Defendants' Reply (Doc. 54).

## I.    Findings of Fact[1]

On July 28, 2016, Plaintiff William D. Ford (Plaintiff), an officer with the U.S. Customs and Border Protection (and Chief Warrant Officer Three (CW-3) in the United States Army Reserve), initiated a negligence and unseaworthiness action in the Circuit Court of Mobile County, Alabama, against Defendants Jolly Shipping, Inc. and Yasa Shipping Industry, for injuries he suffered while aboard the M/T YASA GOLDEN MARMARA (a tanker owned and/or operated by Defendants). On July 5, 2017, Defendants removed the case to this Court.[2] (Doc. 1).

Plaintiff boards foreign-flagged ships, after arrival in Mobile, Alabama, to clear the vessels (check paperwork, etc.). (Doc. 46-2 (Dep. Ford at 22-24)). On January 31, 2015, Plaintiff and his

---

[1] The facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

[2] Defendants explain the failure to remove within 30 days per Section 1446(b)(1) as due to the case not becoming removable until receipt of June 7, 2017 correspondence from Plaintiff's counsel referencing approximately $60,000 in workers' compensation liens related to his injuries, coupled with a review of his June 22, 2017 responses to requests for admission. (Doc. 1 at 5). Plaintiff subsequently moved to remand the case, but the motion was denied on Report and Recommendation, which was adopted. (Docs. 15, 19).

colleague boarded the vessel, met with the officers and crew, completed their tasks, and started to depart the vessel. (Id. at 10, 157-160). Plaintiff fell while attempting to traverse a raised platform which crossed over piping running along the tanker's deck and injured his right shoulder. Thereafter, Plaintiff received medical care and underwent surgery to repair a torn rotator cuff. In September 2015, Plaintiff submitted his retirement paperwork to the Army Reserve and in October 2015, he retired from the Army Reserve at the age of 59, with 29 years of service. (Doc. 46-2 (Dep. Ford at 10, 85, 94, 144)).

Plaintiff alleged in his complaint that his injury impacted his ability to advance in the Army Reserve, which impacted his military retirement pay. In other words, but for the injury and his related inability to complete physical fitness testing (PT test), he would have been promoted to a higher rank in the Army Reserve before reaching the mandatory retirement age of 62 (from Chief Warrant Officer Three (CW-3) to Chief Warrant Officer Four (CW-4)). (Doc. 46-2 (Dep. Ford at 94, 99)).

## II. Conclusions of Law

### A. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c)(1)-(4) provides as follows:

> **(c) Procedures.**
> **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The movant bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the non-movant fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter….Instead, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992).

**B.     Discussion**

As noted *supra*, Plaintiff alleged in his Complaint that but for this injury, he would have been promoted from Chief Warrant Officer Three (CW-3) to Chief Warrant Officer Four (CW-4) in the Army Reserve, and thus would have retired at a higher rank with a higher retirement pay. (Doc. 46-2 (Dep. Ford at 94, 99)).  Defendants move for summary judgment on Plaintiff's claims for damages related to this alleged lost military retirement pay.

At the outset, Plaintiff has conceded the merits of Defendants' partial summary judgment motion as to the issue of economic damages based on alleged lost military retirement pay.  (Doc.

54). As such, the motion is unopposed.[3] Additionally, Federal Rule of Civil Procedure Rule 56(e)(3) states that if a party "fails to properly address another party's assertion of fact …the court may grant summary judgment if the motion and supporting materials…show that the movant is entitled to it." Moreover, Local Rule 7.2(b) requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute:

> …the party or parties in opposition shall file a brief in opposition thereto, and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists; provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D. Ala. L.R. 7.2(b). Plaintiff has failed to point out any disputed facts as to the partial summary judgment motion issue, and his "[f]ailure to do so will be considered an admission that no material factual dispute exists." L.R. 7.2(b). See, e.g., Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006) (providing that "the district court properly held that the defendants' statement of undisputed facts filed with their motion for summary judgment were admitted when Patton failed to respond to the statement of facts…").

Nevertheless, the Court notes that the "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." Dixie Stevedores, Inc. v Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985).

---

[3] Examples when a party concedes a claim at issue in another party's motion for summary judgment, resulting in the motion being granted as to the conceded claim. See, e.g., Joe Hand Promotions, Inc. v. Neal, 2015 WL 4039076, *4 (S.D. Ala. Jul. 2, 2015); Mills v. City of Phenix City, Ala. 2012 WL 2887933, *8 (M.D. Ala. July 16, 2012); Johnson v. City of Birmingham, 2012 WL 2856653, *6 (N.D. Ala. June 22, 2012)

Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id. In United States v. One Piece of Property, 5800 S.W. 4th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004), "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." Specifically, per the Eleventh Circuit:

> …the district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials…At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment…..In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must []indicate that the merits of the motion were addressed….

Id. (citations omitted)).

The Court is satisfied that Defendants' partial motion is supported by sufficient evidence. The evidence indicates that Plaintiff testified that there were no guarantees that he "would have made CW4 in 2016." (Doc. 46-2 (Dep. Ford at 131)). Plaintiff also admits that he would not have been eligible for a promotion before his 2015 retirement. (Id. (Dep. Ford at 133-134, 138-140)). Plaintiff agrees that he retired voluntarily in 2015, even though he could have remained until age 62 and could have thus later retired in 2018. (Id. (Dep. Ford at 101)). Additionally, Defendants' expert witness indicates that Plaintiff was probably not eligible for consideration for promotion to CW4 when he retired because he was not in the applicable "zone of consideration" of candidates for promotion during the relevant timeframe (the 2016 cycle). (Doc. 46-1 at 5-6 (Aff. Floyd)). Moreover, per the Plaintiff's concession in response to Defendants' summary judgment motion:

> The Plaintiff and his counsel spent a considerable time…communicating with the Plaintiff's superintendents in the U.S. Army Reserve to determine whether or not he would likely have been able to reach the rank of CW4 before his 62nd birthday. ***The Plaintiff now has concluded that,*** with this additional information, ***he would not likely have made that promotion before his mandatory retirement. Therefore, the Plaintiff concedes that the Motion for Partial Summary Judgment on this issue only is due to be granted***.

(Doc. 53 at 1-2).

Based on the foregoing, Defendants request that this Court grant its motion for partial summary judgment and dismiss all of Plaintiff's damages claims for lost retirement pay including such based on: 1) any assertion that his departure from the service in October 2015 – versus some later date – was due to his injury, therefore causing him loss of service time and diminished retirement pay; and 2) any claim that he lost retirement pay because of an alleged inability to advance in rank due to the injury aboard the vessel. The Court concurs.

### III. Conclusion

Accordingly, it is **ORDERED** that the Defendants' motion for partial summary judgment (Doc. 46) is **GRANTED** on the damages claim for lost retirement pay, as specified *supra*.

**DONE** and **ORDERED** this the **15th** day of **October 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**